```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
                          HOUSTON DIVISION
```

| | |
|---|---|
| CLIFFORD EARL HENRY, § | |
| TDCJ #372077, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. H-14-3697 |
| WILLIAM STEPHENS, Director, § | |
| Texas Department of Criminal § | |
| Justice, Correctional § | |
| Institutions Division, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Clifford Earl Henry (TDCJ #372077), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Henry has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody under 28 U.S.C. § 2254 ("Petition") challenging the calculation of his sentence following the revocation of his supervised release. (Docket Entry No. 1) Henry has also filed Petitioner's First Request for Production and Inspection of Documents related to the calculation of his sentence ("Request for Production"). (Docket Entry No. 6) The respondent has filed a Motion to Dismiss with Brief in Support ("Motion to Dismiss") arguing that review is barred because the Petition is an unauthorized successive application. (Docket Entry No. 15) Henry has filed Petitioner's

Traverse to Respondent's Motion to Dismiss His Petition for a Writ of Habeas Corpus ("Petitioner's Response") and a Motion Requesting Sanctions against the respondent. (Docket Entry Nos. 16, 17) After considering all of the pleadings and the applicable law, the court will grant the respondent's motion and dismiss this action for reasons explained below. Henry's motions will be denied.

## I. Procedural History

In January of 1984 a jury in the 337th District Court of Harris County, Texas, found Henry guilty of aggravated robbery and sentenced him to 65 years' imprisonment in cause number 375780. (Docket Entry No. 12-13, pp. 99-100, 105-106) That conviction was affirmed on direct appeal. See Henry v. State, No. B14-84-262-CR (Tex. App. — Houston [14th Dist.] Oct. 18, 1984, pet. denied) (unpublished).

On November 10, 2003, Henry was released from prison to parole. (Docket Entry No. 12-13, p. 79) Henry returned to TDCJ custody on August 22, 2012, following his felony conviction for driving while intoxicated with a child in the vehicle in Williamson County cause number 12-1003-K368. (Id. at 80.) On September 17, 2012, Henry's parole in cause number 375780 was revoked and he forfeited his accrued calendar time, otherwise known as "street time," pursuant to § 508.283(b) of the Texas Government Code. (Id.)[1] Henry also forfeited all of his previously accrued

---

[1] Section 508.283(b) of the Texas Government Code provides as follows:

(continued...)

credit for good conduct time (i.e., "good-time" credit). (Id. at 80-81.)

On October 31, 2012, Henry submitted a Time Dispute Resolution Form challenging the calculation of his sentence with respect to his forfeited time credits. (Docket Entry No. 12-13, p. 80 ¶ 6) According to an amended affidavit from Charley Valdez of the TDCJ Classification and Records Department, Henry was not eligible to have his lost street-time credits restored due to his prior conviction for aggravated robbery.[2] (Id.) Likewise, the practice of restoring lost good-time credit due to parole revocation was discontinued in 1995. (Id.) Thus, Henry's challenge to the calculation of his sentence was found to be without merit.

---

[1](...continued)
If the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed without credit for the time from the date of the person's release to the date of revocation.

Aggravated robbery in violation of § 29.03 of the Texas Penal Code is an offense described in § 508.149 of the Texas Government Code.

[2]In his Motion Requesting Sanctions, Henry notes that the respondent attached as an exhibit to his Motion to Dismiss the initial affidavit provided by Valdez. (Docket Entry No. 15-2, Exh. A, Affidavit of Charley Valdez) Henry notes that Valdez later submitted an amended version and accuses the respondent of submitting false or misleading evidence. (Docket Entry No. 17) For purposes of deciding the respondent's motion, the two affidavits submitted by Valdez do not differ in material respect. Therefore, Henry's objections are without merit and his motion for sanctions will be denied.

On September 17, 2013, Henry signed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging the calculation of his sentence and TDCJ's failure to release him to mandatory supervision or parole. (Docket Entry No. 12-7, p. 36) The Texas Court of Criminal Appeals summarily dismissed that application on November 20, 2013, for failure to comply with Rule 73.1 of the Texas Rules of Appellate Procedure. (Id. at 2.) Henry promptly filed a second state habeas application on December 14, 2013, which the Texas Court of Criminal Appeals denied on April 9, 2014, without a written order on findings made by the trial court. (Docket Entry No. 12-8, p. 1)

While Henry's second state habeas application was pending, he filed a petition for a federal writ of habeas corpus on December 11, 2013, challenging the DWI conviction that resulted in the revocation of his parole. That petition was dismissed with prejudice on February 25, 2014. (Docket Entry No. 15-3, Exh. B, p. 23, Henry v. Stephens, Civil Action No. A-13-1051 (W.D. Tex.))

Thereafter, Henry filed a third state habeas corpus application on September 9, 2014, challenging once again the calculation of his sentence and TDCJ's refusal to release him on mandatory supervision or parole. (Docket Entry No. 12-17) The Texas Court of Criminal Appeals dismissed that application pursuant to Article 11.07, § 4(a) of the Texas Code of Criminal Procedure on November 26, 2014, as an abuse of the writ. (Docket Entry No. 12-14)

In a pleading dated December 19, 2014, Henry now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the calculation of his sentence by TDCJ. (Docket Entry No. 1) Henry contends that his sentence has been improperly calculated because TDCJ has refused to restore his previously earned good-time credits following the revocation of his parole. Henry also contends that he has been improperly denied release to mandatory supervision or parole in violation of the Ex Post Facto and Equal Protection Clauses. Noting that Henry could have raised these claims in the federal habeas corpus proceeding that he filed in 2013, the respondent now moves to dismiss on the grounds that the petition is a successive application that is barred by 28 U.S.C. § 2244(b) for lack of authorization.[3]

## II. Discussion

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2244(b), which was enacted to make it "significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims." Graham v. Johnson, 168 F.3d 762, 772 (5th Cir. 1999).

---

[3]Henry has filed an ample Response to the respondent's Motion to Dismiss, but he does not address the respondent's arguments. (Docket Entry No. 16) Instead, Henry presents arguments that pertain only to the merits of his Petition. (Id.) The court notes that Henry's Response includes several exhibits regarding the calculation of his sentence. Because it appears that Henry has had ample access to documentation regarding the calculation of his sentence, Henry's Request for Production of documents (Docket Entry No. 6) will be denied.

-5-

Before a second or successive application permitted by this section is filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). If the pending petition qualifies as a successive writ, this court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive merely because it follows an earlier federal petition." In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). Rather, a subsequent application is "second or successive" when it: (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition"; or (2) "otherwise constitutes an abuse of the writ." Id.; see also United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000).

In this case, Henry knew of all the facts necessary to challenge TDCJ's administration of his sentence before he filed his initial federal petition in 2013. Under these circumstances Henry's pending Petition qualifies as a second or successive application within the meaning of 28 U.S.C. § 2244(b). See Crone v. Cockrell, 324 F.3d 833, 837-38 (5th Cir. 2003) (holding that a petitioner's claim for "jail time credit" could have been raised in an initial application that challenged his conviction and was therefore successive).

Because the pending Petition is successive, Henry is required to seek authorization from the Fifth Circuit before this court can consider his application. See 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (citing In re Cain, 137 F.3d at 235). Henry has not obtained the requisite authorization in this case. Absent such authorization, this court lacks jurisdiction over the petition. Id. at 775. Accordingly, the court will grant the respondent's motion and will dismiss the Petition as an unauthorized successive writ.

### III. Certificate of Appealability

Because the habeas corpus Petition filed in this case is governed by the AEDPA, a certificate of appealability is required before an appeal may proceed. See 28 U.S.C. § 2253; see Hallmark v. Johnson, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals[.]'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, <u>sua sponte</u>, without requiring further briefing or argument. See <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000). The court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct or whether the petition qualifies as a successive petition. See <u>Crone v. Cockrell</u>, 324 F.3d 833, 837-38 (5th Cir. 2003). Accordingly, a certificate of appealability will not issue in this case.

### IV. Conclusion

Based on the foregoing, the court **ORDERS** as follows:

1. The Respondent's Motion to Dismiss (Docket Entry No. 15) is **GRANTED**.

2. The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Clifford Earl Henry (Docket Entry No. 1) is **DISMISSED without prejudice** for lack of jurisdiction.

3. Petitioner's First Request for Production and Inspection of Documents (Docket Entry No. 6) is **DENIED**.

4. Henry's Motion Requesting Sanctions against the respondent (Docket Entry No. 17) is **DENIED**.

5. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 21st day of July, 2015.

SIM LAKE
UNITED STATES DISTRICT JUDGE