IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLIFFORD EARL HENRY, TDCJ #372077, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-14-3697 |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

State inmate Clifford Earl Henry ("Henry") (TDCJ #372077) has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") under 28 U.S.C. § 2254 to challenge the calculation of his sentence (Docket Entry No. 1). In addition, Henry has filed Petitioner's Motion for Summary Judgment (Docket Entry No. 22) and Petitioner's Second Motion for Summary Judgment (Docket Entry No. 28) seeking his immediate release. The respondent, William Stephens, has filed Respondent's Motion for Summary Judgment with Brief in Support ("Respondent's MSJ") (Docket Entry No. 29). Henry has replied with Petitioner's Objection to the Respondent's MSJ (Docket Entry No. 30). After considering all of the pleadings and the applicable law, the court will grant Respondent's MSJ, deny the Motions filed by Henry, and dismiss the Petition for the reasons explained below.

I. **Procedural History**

On January 10, 1984, a jury in the 337th Judicial District Court of Harris County, Texas, found Henry guilty of aggravated robbery in cause number 375780.[1] The next day the same jury sentenced Henry to 65 years' imprisonment in the Texas Department of Criminal Justice - Correctional Institution Division ("TDCJ").[2] That conviction was affirmed in an unpublished opinion. See Henry v. State, No. B14-84-262-CR (Tex. App. — Hous. [14th Dist.] Oct. 18, 1984, no pet.).[3]

On November 10, 2003, Henry was released on parole.[4] Over the next few years Henry was jailed several times on pre-revocation warrants for violating the terms and conditions of his parole.[5] On August 22, 2012, Henry returned to TDCJ following his conviction for driving while intoxicated with a child passenger in Williamson County cause number 12-1003-K368.[6] As a result of that conviction, Henry's parole was revoked on September 17, 2012.[7]

---

[1] Judgment, State Habeas Record, Writ No. 15,288-05, Docket Entry No. 12-13, p. 105.

[2] Id. at 106.

[3] Opinion, State Habeas Record, Writ No. 15,288-04, Docket Entry No. 12-7, pp. 64-65.

[4] Affidavit of Charley Valdez ("Valdez Affidavit"), State Habeas Record, Writ No. 15,288-05, Docket Entry No. 12-13, p. 79.

[5] Id. at 79-80.

[6] Id. at 80.

[7] Id.

Due to his prior conviction for aggravated robbery, Henry forfeited seven years, five months, and twenty-seven days of calendar "street-time" credit upon the revocation of his parole pursuant to § 508.283(b) of the Texas Government Code.[8] Henry also forfeited all previously earned credit for good conduct ("good-time" credit) while imprisoned in TDCJ.[9] Because he forfeited his street time and all of his previously earned good-time credit, Henry's projected release on the form of parole known as mandatory supervision was set off until September 2, 2026, and his sentence discharge date was extended to December 1, 2055.[10]

---

[8] "Street-time credit refers to calendar time a person receives towards his sentence for days spent on parole or mandatory supervision." Ex parte Spann, 132 S.W.3d 390, 392 n.2 (Tex. Crim. App. 2004). Section 508.283(b) of the Texas Government Code excludes from eligibility for street-time credit upon the revocation of parole persons who have committed certain offenses enumerated in Texas Government Code § 508.149(a). Aggravated robbery is one of those enumerated offenses. See TEX. GOV'T CODE § 508.149(a)(12); see also Ex parte Maiorka, Writ No. 13369-02, 2006 WL 826079, *1 (Tex. Crim. App. 2006) (unpublished) (holding that an applicant previously convicted of aggravated robbery is not entitled to street-time credit or to the restoration of good-time credit under Texas law).

[9] See TEX. GOV'T CODE § 498.004(b) (stating that "all good conduct time previously accrued" is forfeited upon revocation of parole or mandatory supervision and may not be restored).

[10] Valdez Affidavit, State Habeas Record Writ No. 15,288-05, Docket Entry No. 12-13, p. 80. Under the statute in place at the time he committed aggravated robbery in 1983 Henry is eligible for mandatory supervision when the calendar time he has served plus any accrued good-time credit equals the maximum term of his sentence. See Respondent's MSJ, Docket Entry No. 29, pp. 28-29 n.3 (citing TEX. CODE CRIM. PRO. art. 42.12 § 15(c)(1983)).

On December 19, 2014, Henry executed the pending federal habeas corpus Petition in this case.[11] Henry does not challenge any of his underlying convictions. Instead, Henry challenges the calculation of his sentence following the revocation of his parole. Henry argues that he is entitled to relief for the following reasons: (1) his sentence has been improperly calculated in violation of the Due Process Clause because TDCJ failed to restore previously earned good-time credits after the revocation of his parole; and (2) by excluding street time and previously earned good-time credit from the calculation of his sentence, prison officials have improperly extended his projected release date for mandatory supervision or parole in violation of the Ex Post Facto and Equal Protection Clauses.[12]

Henry has filed two Motions for Summary Judgment, arguing that his sentence was calculated incorrectly following the revocation of his parole and that he is entitled to immediate release on mandatory supervision. Respondent argues in his MSJ that the Petition must be dismissed because it is barred by the governing one-year statute of limitations on federal habeas corpus review.

## II. Discussion

A.  The One-Year Statute of Limitations

This federal habeas corpus proceeding is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L.

---

[11]Petition, Docket Entry No. 1, p. 11.

[12]Id. at 6-8.

No. 104-132, 110 Stat. 1214 (1996). Under the AEDPA all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d). To the extent that Henry challenges the calculation of his sentence following the revocation of his parole, the one-year statute of limitations began to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Henry knew or could have discovered with the exercise of due diligence the facts underlying his claims upon the revocation of his parole, which occurred on September 17, 2012. That date triggered the statute of limitations, which expired one year later on September 17, 2013. Henry's pending Petition, executed on December 19, 2014, is well outside the limitations period and must be dismissed unless there is some basis to toll the statute of limitations.

B.  Statutory Tolling

Henry submitted an administrative Time Dispute Resolution Form to challenge the calculation of his sentence on October 31, 2012, which was answered by prison officials on November 2, 2012.[13] This administrative proceeding tolled the AEDPA limitations period for

---

[13]Valdez Affidavit, State Habeas Record Writ No. 15,288-05, Docket Entry No. 12-13, p. 80.

only three days, extending the deadline for federal habeas review until September 20, 2013. See Stone v. Thaler, 614 F.3d 136, 138-39 (5th Cir. 2010) (finding the limitations period statutorily tolled for purposes of 28 U.S.C. § 2244(d)(2) during the pendency of a Texas prisoner's Time Dispute Resolution request for a maximum of 180 days).

A "properly filed" state habeas corpus application also tolls the AEDPA limitations period while that application is pending in state court. See 28 U.S.C. § 2244(d)(2). A state habeas corpus application is properly filed for purposes of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 121 S. Ct. 361, 364 (2000). In other words, "a properly filed [state habeas corpus] application is one submitted according to the state's procedural requirements." Lookingbill v. Cockrell, 293 F.3d 256, 260 (5th Cir. 2002) (citations omitted).

Henry filed three state habeas corpus applications under Article 11.07 of the Texas Code of Criminal Procedure to challenge the calculation of his sentence.[14] The first one, executed by Henry on September 17, 2013, was dismissed by the Texas Court of Criminal Appeals on November 20, 2013, for failure to comply with Rule 73.1 of the Texas Rules of Appellate Procedure, which governs the form

---

[14]See State Habeas Records, Docket Entry No. 12. Henry filed a total of six habeas corpus applications in state court, but only three of them (Writ No. 15,288-04, Writ No. 15,288-05, and Writ No. 15,288-06) concern the calculation of his sentence.

and content for applications filed under Article 11.07.[15] Because this application was not properly filed in compliance with state procedural requirements, it did not toll the AEDPA limitations period. See Davis v. Quarterman, 342 F. App'x 952, 953 (5th Cir. 2009) (5th Cir. 2010) (concluding that a state writ application dismissed for noncompliance with Tex. R. App. P. 73.1 did not toll the AEDPA limitations period because it was not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2)).

Henry's second and third state habeas corpus applications do not toll the AEDPA statute of limitations because they were filed after the limitations period expired on September 20, 2013.[16] See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (holding that the petitioner's "state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired"). Henry fails to otherwise establish a valid basis for statutory tolling.

## C. Equitable Tolling

The statute of limitations found in the AEDPA may be equitably tolled, at the district court's discretion, only "in rare and

---

[15]Action Taken and Application for 11.07 Writ of Habeas Corpus, State Habeas Record Writ No. 15,288-04, Docket Entry No. 12-7, pp. 2, 36.

[16]See Application for Writ of Habeas Corpus Under 11.07, State Habeas Record Writ No. 15,288-05, Docket Entry No. 12-13, p. 21 (signed on December 14, 2013); Application for Writ of Habeas Corpus Under 11.07, State Habeas Record Writ No. 15,288-06, Docket Entry No. 12-17, p. 21 (signed on September 9, 2014).

exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). The petitioner bears the burden of establishing that equitable tolling is warranted. See Howland v. Quarterman, 507 F.3d 840, 845 (5th Cir. 2007) (citing Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002)). The Supreme Court has clarified that a "'[habeas] petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005)).

Henry has not articulated grounds for equitable tolling and the court's own review of the record does not disclose any. Although Henry filed three state habeas applications to challenge the calculation of his sentence, the state court records document substantial periods of delay and do not reflect that he diligently pursued relief. Equitable tolling is not available where, as here, the petitioner squanders his federal limitations period. See, e.g., Ott v. Johnson, 192 F.3d 510, 514 (5th Cir. 1999).

Although Henry proceeds pro se on federal habeas review, his incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling. See Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999); see also Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to

warrant equitable tolling); Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991) (finding that "lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," illiteracy, and "ignorance of legal rights" generally do not justify tolling).

Based on this record the court concludes that Henry's circumstances are not among those "rare and exceptional" conditions that warrant deviation from the express rules that Congress has provided.[17] See Felder v. Johnson, 204 F.3d 168, 173 (5th Cir. 2000). Absent a valid basis for tolling the statute of limitations, the Petition will be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

## III. Certificate of Appealability

The Petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, which requires a certificate of appealability to issue before an appeal may proceed. See Hallmark v. Johnson, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that

---

[17]The court notes that Henry's claims were rejected by the state habeas corpus court and the Texas Court of Criminal Appeals, which concluded that his sentence was calculated correctly. See Action Taken, State Habeas Record, Writ No. 15,288-05, Docket Entry No. 12-8, p. 1, and Findings of Fact and Conclusions of Law, pp. 84-91. Henry does not rebut any of the state court's fact findings or show that the state court's conclusions are "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). He does not otherwise demonstrate that his sentence was calculated incorrectly or that he is entitled to relief. Because the Petition is plainly time-barred, however, the court does not address the merits further.

actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003) (citing 28 U.S.C. § 2253(c)(1)). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El, 123 S. Ct. at 1039. Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial

of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

### IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. Respondent William Stephens' Motion for Summary Judgment (Docket Entry No. 29) is **GRANTED**.

2. Petitioner Clifford Earl Henry's Motion for Summary Judgment (Docket Entry No. 22) and Second Motion for Summary Judgment (Docket Entry No. 28) are **DENIED**.

3. The Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DISMISSED with prejudice** as barred by the statute of limitations.

4. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, this 18th day of December, 2015.

---
SIM LAKE
UNITED STATES DISTRICT JUDGE